UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALSTOM POWER, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:04cv920 (PCD) |
| | : | |
| | : | |
| SEEPEX, INC., | : | |
| | : | |
| Defendant. | : | |

**RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant Seepex, Inc., moves [Doc. No. 165] for a protective order relating to a notice of deposition that Plaintiff scheduled for April 21, 2006.  Defendant objects to the notice on the grounds that in a previous ruling the Court contemplated the attendance of Defendant's corporate representative at a time when he was regularly scheduled to appear in Connecticut and not, as occurred in this case, at Plaintiff's direction.  Defendant also argues that the scope of the notice is overly broad in light of the Court's previous ruling.  For the reasons that follow, Defendant's motion is **granted in part**.

On March 31, 2006, the Court issued a ruling addressing myriad outstanding motions in this case [Doc. No. 164].  Relevant to the present motion, the Court granted the parties one month "to conduct discovery relating to the arbitration clause at issue in the case." [Id. at 8.]  The Court permitted Plaintiff to discover information relating to the origin of manufacture of the pumps it had ordered from Defendant and additional information regarding the Order Acknowledgment form that Defendant relied upon in its Motion to Stay Pending Arbitration

1

[Doc. No. 37].  In its March 31, 2006 ruling, the Court also sustained Plaintiff's request to depose in Connecticut a corporate representative of Defendant's to testify regarding the property in which it has an interest or debts owing to it sufficient to satisfy a prejudgment remedy, including but not limited to the existence, location, and extent of Defendant's interest in such property or debts.

In denying Defendant's previous motion for protective order [Doc. No. 63] regarding a similarly noticed deposition, the Court attempted to strike a compromise between, on the one hand, mandating Defendant's attendance for a deposition in Connecticut at a time of Plaintiff's choosing and, on the other hand, not permitting the deposition to occur at all.  This compromise was based upon the Court's understanding that Defendant's corporate representatives occasionally travel to Connecticut, and that the deposition should be scheduled to coincide with Defendant's next visit.  Defendant, in opposing Plaintiff's noticed deposition, contends not only that it does not intend to be in Connecticut on April 21, 2006, but that it has no immediate expectation of traveling to Connecticut.  Defendant, in turn, has proposed the option of telephonic or videoconferencing in lieu of an in-person appearance in Connecticut.

The Court did not intend through its previous ruling to permit Defendant to escape its obligation by avoiding travel to Connecticut entirely.  The compromise struck was based in part upon the Court's understanding the Defendant's corporate representatives occasionally travel to Connecticut.  Defendant may in fact have had no immediate plans for travel to the state, but the Court intended for the deposition to occur sometime within the month of April, but preferably at a time mutually convenient for the parties.  Not surprisingly, however, the parties have failed to accommodate each other's schedules.

Although skeptical that the parties may reach any agreement regarding a deposition date without further Court intervention, the Court will provide the parties with one more opportunity to accommodate each other's schedules.  The deposition noticed for April 21, 2006 is hereby stayed, and the parties are granted until April 28, 2006 to report a new date and time for the stayed deposition.  The deposition shall occur on or before May 5, 2006.  If by April 28, 2006 the parties fail to reach an agreement regarding a new date and time for the deposition, the deposition shall take place on May 5, 2006, at 10:00 a.m. at the office of Seeley & Berglass, 121 Whitney Avenue, New Haven, Connecticut.

The Court will refrain from addressing the scope of the deposition until Plaintiff has had an opportunity to respond.  The Court reminds Plaintiff, however, that its ruling expressly limited discovery to issues relating to the arbitration clause and the prejudgment remedy.  Plaintiff shall provide a response regarding Defendant's objection to the scope of the deposition on or before April 24, 2006.  The Court will thereupon issue an order addressing the scope permissible.

SO ORDERED.

Dated at New Haven, Connecticut, this  20th  day of April, 2006.

                                            /s/
                                    Ellen B. Burns
                           United States District Judge